FILED
01 JUL 27 AM 11:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| DELORIS I. BURROUGHS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) Civil Action<br>)<br>BELLSOUTH TELECOMMUNICATIONS, ) CV-01-PWG-1863-M<br>INC., LONG TERM DISABILITY PLAN )<br>FOR SALARIED EMPLOYEES, AND )<br>XYZ, WHOSE NAMES ARE UNKNOWN )<br>BUT WHO ARE THE PARTIES LIABLE )<br>ON THE CLAIMS AS STATED, )<br>)<br>Defendants. )<br>_____ ) | |

## NOTICE OF REMOVAL

TO:   HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR
      THE NORTHERN DISTRICT OF ALABAMA

Defendants BellSouth Telecommunications, Inc. ("BST") and BellSouth Long Term Disability Plan (hereafter collectively referred to as "Defendants"), file their Notice of Removal of this cause from the Circuit Court of Etowah County, Alabama, in which it is now pending, to the United States District Court for the Northern District of Alabama, and show this Honorable Court the following:

1.    BellSouth Telecommunications, Inc. and BellSouth Long Term Disability Plan are the only named defendants in the civil action styled <u>Deloris I. Burroughs v. BellSouth Telecommunications, Inc., Long Term Disability Plan for Salaried Employees,</u>

401655

and XYZ, Whose Names Are Unknown but who are the Parties Liable on the Claims as Stated, Case No. CV-2001-797-WHR, pending in the Circuit Court of Etowah County, Alabama.

2. The Summons and Complaint in this action originally were served on Defendants on or after June 29, 2001.

3. Copies of the Summons, Complaint and Plaintiff's Request for Production to Defendant, which constitute all process, pleadings and orders served on Defendants, are attached hereto as Exhibit A.

4. This Notice of Removal is filed within thirty (30) days of receipt of the Complaint by Defendants. Accordingly, the time for filing this Notice under 28 U.S.C. § 1446(b) has not expired.

5. At all times relevant to Plaintiff's Complaint, BellSouth administered an employee welfare benefit plan within the meaning of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"), entitled the Long Term Disability Plan for Salaried Employees ("LTD Plan"), which provides an income benefit to eligible employees who are disabled from work because of sickness or injury.

6. In the Complaint, Plaintiff alleges that her long-term disability benefits were wrongfully terminated and seeks recovery and reinstatement of those ERISA benefits in this action. Accordingly, Plaintiff's claims arise under ERISA.

7. In Paragraph 5 of her Complaint, Plaintiff admits her claim is governed by ERISA.

8. The District Courts of the United States have original jurisdiction of any civil action to recover benefits under an ERISA plan pursuant to 29 U.S.C. §

401655

-2-

1132(a)(1)(B) and (e)(1), and 28 U.S.C. § 1331, without respect to the amount in controversy or the citizenship of the parties. Therefore, this action may be removed to the United States District Court for the Northern District of Alabama, pursuant to the provisions of 28 U.S.C. § 1441(a).

9.  The LTD Plan in question is a self-insured welfare benefit plan under ERISA. It is not an insurance plan or policy. Accordingly, Count II of the Complaint is preempted by ERISA.

10. To the extent any claims are not preempted by ERISA, this Court should exercise pendent jurisdiction over any state claims. See 28 U.S.C. § 1441(c).

11. Written notice of the filing of this Notice of Removal will be provided to Plaintiff Deloris Burroughs, the only adverse party, through her counsel as provided by 28 U.S.C. § 1446(d). A copy of the Notice of Filing Notice of Removal is attached as Exhibit B.

12. A duplicate copy of this Notice of Removal will be filed with the Clerk of the Circuit Court in and for Etowah County, Alabama, as provided by 28 U.S.C. § 1446(d).

WHEREFORE, Defendants request that this civil action now pending in the Circuit Court in and for Etowah County, Alabama, be removed to this Court.

Respectfully submitted this 27th day of July, 2001.

_____
Rhonda V. Steele
ASB-9240-L65R
BellSouth Telecommunications, Inc.
3196 Hwy. 280 South, Room 304N
Birmingham, Alabama  35243
(205) 972-2525
Facsimile:  (205) 969-2285

JAMES R. GLENISTER
Ga. Bar No. 297278
BellSouth Telecommunications, Inc.
1100 Peachtree Street, Suite 1400
Atlanta, Georgia  30309
(404) 249-5042
Facsimile: (404) 249-5525

ATTORNEYS FOR DEFENDANTS

401655

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing Notice of Removal, by depositing same in the United States Mail, with adequate postage thereon to ensure delivery via first class mail to counsel for Plaintiff as follows:

> Myron K. Allenstein, Esq.
> Rose Marie Allenstein, Esq.
> Allenstein & Allenstein
> P.O. Box 487
> Gadsden, AL  35902-0487

This 27th day of July, 2001.

_____
ATTORNEY FOR DEFENDANTS

401655

IN THE CIRCUIT COURT OF ETOWAH COUNTY, ALABAMA

| | |
|---|---|
| DELORIS I. BURROUGHS,<br><br>    Plaintiff,<br><br>v.<br><br>BELLSOUTH TELECOMMUNICATIONS, INC.,<br>LONG TERM DISABILITY PLAN FOR SALARIED<br>EMPLOYEES, and XYZ, WHOSE NAMES ARE<br>UNKNOWN, BUT WHO ARE THE PARTIES LIABLE<br>ON THE CLAIMS AS STATED,<br><br>    Defendants. | \*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\* | FILED<br>2001 JUN 28 PM 3 41<br>CASE NO. CV-2001- 797-WHR<br>BILLY YATES, CLERK<br>CIRCUIT COURT<br>ETOWAH COUNTY, ALABAMA |

## SUMMONS - CIVIL

NOTICE TO:     **BellSouth Telecommunications, Inc. Long Term Disability Plan for Salaried Employees**
                        **Suite 18D2**
                        **600 North 19th Street**
                        **Birmingham, AL 35203**

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFF'S ATTORNEY, **MYRON K. ALLENSTEIN**, *141 SOUTH 9TH STREET, GADSDEN, AL 35901*. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN **30 DAYS** AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

XXX     TO ANY SHERIFF OR ANY PERSON AUTHORIZED by either rules 4.1(b)(2) or 4.2(b)(2) or 4.4(b)(2) of the Alabama Rules of Civil Procedure: You are hereby commanded to serve this summons and a copy of the complaint in this action upon defendant.

This service by certified mail of this summons is initiated upon the written request of Plaintiff(s) pursuant to Rule 4.1(c) of the Alabama Rules of Civil Procedure.

_6/29/01_                                   _Billy Yates_                       By: _D.D._
DATE                                           CLERK/REGISTER

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

RETURN ON SERVICE:

_____     Certified Mail return receipt received in this office on (Date) _____
        (Return receipt hereto attached).

_____     I certify that I personally delivered a copy of the Summons and Complaint to _____
        _____ in _____ County, Alabama
        on (Date) _____.

DATE                                                          SERVER SIGNATURE
ADDRESS
OF SERVER_____         _____
                                                         TYPE OF PROCESS SERVER

                                                                                                                                                                                                             EXHIBIT A

IN THE CIRCUIT COURT OF ETOWAH COUNTY, ALABAMA

FILED

| | | |
|---|---|---|
| DELORIS I. BURROUGHS, | * | 2001 JUN 28 PM 3 41 |
| Plaintiff, | * | BILLY YATES, CLERK |
| | * | CIRCUIT COURT |
| v. | * | CASE NO. CV-2001-___ |
| BELLSOUTH TELECOMMUNICATIONS, | * | |
| INC., LONG TERM DISABILITY PLAN | * | |
| FOR SALARIED EMPLOYEES, and XYZ, | * | |
| WHOSE NAMES ARE UNKNOWN, BUT | * | |
| WHO ARE THE PARTIES LIABLE ON | * | |
| THE CLAIMS AS STATED, | * | |
| Defendants. | * | |

# COMPLAINT

### Count I

### ERISA – Benefits & Equitable Relief

1. While employed at Bellsouth Telecommunications in Birmingham, Alabama, Plaintiff had long term disability benefits provided by Defendants.

2. Plaintiff became totally disabled and eligible for long term disability benefits on or about 2/89, as defined by the policy, and remains totally disabled as defined by the policy.

3. Defendants terminated LTD benefits on 6/30/95 and have refused to reinstate benefits.

4. Plaintiff has exhausted her administrative remedies.

5. Said benefits are protected by ERISA and this claim is preempted by ERISA.

6. Plaintiff is entitled to long term disability benefits, attorney fees, interest, and court costs.

7. The Long Term Disability Plan does not include language of discretion. Therefore, Plaintiff is entitled to *de novo* review of the decision to terminate benefits.

WHEREFORE, Plaintiff prays for appropriate equitable relief, benefits, attorney fees, interest and costs.

### Count II

### Bad Faith Denial of Benefits

1. Plaintiff is entitled to long term disability insurance benefits from Defendants.
2. Plaintiff's benefits have been wrongly terminated.
3. Plaintiff has exhausted his administrative remedies.
4. Defendants have intentionally or recklessly refused to investigate Plaintiff's claims, and in bad faith refused to pay the claims.
5. There was no lawful basis or any reasonably legitimate, arguable or debatable reason to refuse payment.
6. Defendants have actual knowledge that no lawful basis for refusal of payment exists or there has been an intentional failure to determine whether or not there was a lawful basis for such refusal.
7. Defendants have intentionally or recklessly failed to properly subject the Plaintiff's claim to a cognitive evaluation or review.
8. Defendants have created their own debatable reason for denying the Plaintiff's claim.
9. Defendants' intentional bad faith refusal to pay said claim was accompanied by malice, willfulness, or a wanton and reckless disregard of the facts.
10. As a proximate consequence, Plaintiff has suffered loss of benefits, mental distress, worry, anxiety and economic hardship in an undetermined amount.
11. Plaintiff is entitled to punitive damages.
12. Defendants have a pattern of denying long term disability claims in bad faith.

WHEREFORE, Plaintiff prays for judgment against Defendant in an appropriate amount, plus interest and costs.

FILED
2001 JUN 28 PM 3 41
BILLY YATES, CLERK
CIRCUIT COURT
ETOWAH COUNTY, ALABAMA

_____
MYRON K. ALLENSTEIN (ALL016)
ROSE MARIE ALLENSTEIN (ALL060)
ALLENSTEIN & ALLENSTEIN
Attorneys for Plaintiff
P.O. Box 487
Gadsden, AL 35902-0487
(256) 546-6314

**PLAINTIFF REQUESTS A JURY TRIAL ON COUNT II**

_____
MYRON K. ALLENSTEIN

2

IN THE CIRCUIT COURT OF ETOWAH COUNTY, ALABAMA

FILED

2001 JUN 28 PM 3 41

BILLY YATES, CLERK
CIRCUIT COURT

| | |
|---|---|
| DELORIS I. BURROUGHS, | |
| Plaintiff, | |
| v. | CASE NO. CV-2001-799-WHP |
| BELLSOUTH TELECOMMUNICATIONS, INC., LONG TERM DISABILITY PLAN FOR SALARIED EMPLOYEES, and XYZ, WHOSE NAMES ARE UNKNOWN, BUT WHO ARE THE PARTIES LIABLE ON THE CLAIMS AS STATED, | |
| Defendants. | |

**PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT**

Plaintiff requests Defendant to produce the following:

1. Entire claim file.
2. Plaintiff's employee file.
3. Long Term Disability Plan and all amendments thereto.
4. Summary of Long Term Disability Plan as it existed in 1989 and all modifications of said Summary.

_____
MYRON K. ALLENSTEIN (ALL016)
ROSE MARIE ALLENSTEIN (ALL060)
ALLENSTEIN & ALLENSTEIN
Attorneys for Plaintiff
P.O. Box 487
Gadsden, AL 35902-0487
(256) 546-6314

**SERVED WITH COMPLAINT**

IN THE CIRCUIT COURT OF ETOWAH COUNTY, ALABAMA

| | |
|---|---|
| DELORIS I. BURROUGHS,<br><br>    Plaintiff,<br><br>v.<br><br>BELLSOUTH TELECOMMUNICATIONS,<br>INC., LONG TERM DISABILITY PLAN<br>FOR SALARIED EMPLOYEES, AND<br>XYZ, WHOSE NAMES ARE UNKNOWN<br>BUT WHO ARE THE PARTIES LIABLE<br>ON THE CLAIMS AS STATED,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action<br>)<br>)  No. CV-2001-797-WHR<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF FILING NOTICE OF REMOVAL

TO:   Clerk of Court                         Myron K. Allenstein, Esq.
       Circuit Court of Etowah County    Rose Marie Allenstein, Esq.
       801 Forest Avenue, Suite 202      P.O. Box 487
       Gadsden, AL  35901                   Gadsden, AL  35902-0487

PLEASE TAKE NOTICE that all named Defendants in this action have this date filed the attached Notice of Removal of this action, a copy of which is attached hereto as Exhibit A, in the office of the Clerk of the United States District Court for the Northern District of Alabama. See 28 U.S.C. § 1441, et seq.

401548

EXHIBIT B

Respectfully submitted this 27th day of July, 2001.

*[signature]*
Rhonda V. Steele
ASB-9240-L65R
BellSouth Telecommunications, Inc.
3196 Hwy. 280 South, Room 304N
Birmingham, Alabama  35243
(205) 972-2525
Facsimile:  (205) 969-2285

JAMES R. GLENISTER
Ga. Bar No. 297278
BellSouth Telecommunications, Inc.
1100 Peachtree Street, Suite 1400
Atlanta, Georgia  30309
(404) 249-5042
Facsimile:  (404) 249-5525

ATTORNEYS FOR DEFENDANTS

401548