IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| DELORIS BURROUGHS, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 01-PWG-1863-M |
| BELLSOUTH TELECOMMUNICATIONS, ET AL., | ) |
| Defendants. | ) |

**ENTERED**

**AUG 2 8 2003**

MEMORANDUM OF OPINION

On July 3, 2003, the magistrate judge filed his findings and recommendation (doc. #41) in which it was recommended that defendants' motion for summary judgment (doc. # 23) be granted in its entirety and that plaintiff's motion for summary judgment (doc. #21) with respect to count I, a claim for the reinstatement of long term disability benefits, be denied.

Plaintiff has filed objections to the magistrate judge's findings and recommendation (docs. # 52, 54, 55).

Plaintiff has appealed from the magistrate judge's August 7, 2003 denial of plaintiff's untimely motion to permit depositions of BellSouth Employees Betty Smiley and Kathy Green and motion to strike the summary of Dr. Kern's report. (Docs. #61, 60, 49, and 47). This action was filed on June 28, 2001 in the Circuit Court of Etowah County and removed to the United States District Court for the Northern District of Alabama on July 27, 2001. (Doc. #1). The parties jointly agreed to a discovery deadline of March 27, 2002. This schedule was adopted by the magistrate judge in a subsequent scheduling order. (Docs. # 6 and 7). The discovery deadline was then extended to April 30, 2002. (Doc. #10). The magistrate judge correctly observed in denying the motion for additional depositions that "The date that the claim file was lost and the requests of

plaintiff [for the file] prior to the loss of the file were clearly matters ripe for appropriate discovery requests well before the expiration of the established deadlines." (Doc. #60). The August 7, 2003 ruling of the magistrate judge denying plaintiff's motion to allow depositions of BellSouth Employees Betty Smiley and Kathy Green as untimely is due to be AFFIRMED. The ruling of the magistrate judge denying the motion to strike summary of Dr. Kern's Report is also due to be AFFIRMED. Plaintiff relied on the summary herself, the summary is not hearsay, and the summary is admissible under Rule 1004, *Federal Rules of Evidence.*

Plaintiff has also appealed from the magistrate judge's order of August 14, 2003 denying the motion to allow supplemental objection. (Docs. # 64, 63, 62). The "supplemental objection" did not object to any finding or recommendation before the magistrate judge but was an entirely new claim and theory. In the appeal, "plaintiff admits, as noted by Magistrate [Judge] Greene, that Plaintiff raises a theory never before raised in this action." This late attempt to raise a new theory is unquestionably untimely. The ruling of the magistrate judge denying the motion to allow supplemental objection is due to be AFFIRMED.

Upon *de novo* review of the entire record, the magistrate judge's findings and recommendation, plaintiff's timely objections to the findings and recommendation, and defendants' response to the plaintiff's objection, the Court concludes that the objections are due to be OVERRULED. It is clear from the affidavit of Mrs. Burroughs (doc. #21, exhibit 3), the letter of Mrs. Burroughs which accompanied her appeal from the denial of long term benefits (doc. #21, exhibit 4) and the affidavit of Mr. Burroughs (doc. # 55) that Mrs. Burroughs had and has numerous health problems; however, the medical records current for the relevant period as submitted to the Plan in 1995 did not establish that Mrs. Burroughs was disabled in 1995. In addition, Dr. Kern,

BellSouth's Medical Director, was aware that a surveillance report had established that plaintiff was functioning as a real estate agent when he recommended termination of long term benefits on grounds that it objectively appeared that Mrs. Burroughs was not totally disabled from all forms of work. (Doc. # 21, Exhibit 4). It is undisputed that plaintiff had obtained her real estate license in 1993 and continued working in the real estate industry through 1998. (Doc. #29). Mrs. Burroughs's long term disability benefits were not terminated because she had failed to produce medical records but, rather, the benefits were terminated as a result of her failure to demonstrate her continued disability.

    A separate Final Judgment consistent with this Memorandum of Opinion will be entered simultaneously herewith.

    DONE this the 28th day of August, 2003.

                                                        WILLIAM M. ACKER, JR.
                                                        UNITED STATES DISTRICT JUDGE