FILED
 2006 May-04  PM 02:46
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ALABAMA
                     MIDDLE DIVISION

DELORIS BURROUGHS,              }
                                }
     Plaintiff,                 }
                                }    CIVIL ACTION NO.
v.                              }    01-AR-1863-M
                                }
BELLSOUTH TELECOMMUNICATIONS,   }
INC., et al.,                   }
                                }
     Defendants.                }
```

**MEMORANDUM OPINION AND ORDER**

The court has before it the motion of plaintiff, Deloris Burroughs ("Burroughs"), to reconsider the court's order and memorandum opinion of October 9, 2003, denying Burroughs' deemed motion to remand this action to state court. The court agrees with Burroughs that the matter of subject matter jurisdiction can be raised at any time, even, as in this case, five years after its filing. Burroughs filed her complaint against defendants, BellSouth Telecommunications, Inc., and Long Term Disability Plan for Salaried Employees (collectively "BellSouth"), in the Circuit Court of Etowah County, Alabama, alleging improper termination of benefits in violation of the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* ("ERISA"), and a state law claim for bad faith denial of benefits. BellSouth removed the action to this court on July 27, 2001, invoking the court's original jurisdiction over ERISA claims. In response to *Stern v. International Business Machines Corp.*, 326 F.3d 1367 (11th Cir. 2003), the court raised,

*sua sponte*, the issue of whether the LTD plan fits within the "payroll practice" exception to ERISA.  On October 9, 2003, the court held the exemption inapplicable, denying Burroughs' deemed motion to remand to state court, but granting Burroughs' motion to remand the dispute to a claims administrator on unrelated grounds.  For the reasons to follow, Burroughs' motion to reconsider the decision not to remand to state court is denied.

This court's jurisdiction turns on whether the payroll practice exemption to ERISA is applicable to BellSouth's LTD plan.  Plans which pay "an employee's normal compensation, out of the employer's general assets, on account of periods of time during which the employee is physically or mentally unable to perform his or her duties, or is otherwise absent for medical reasons" are exempted from ERISA. 29 C.F.R. § 2510.3-1(b)(2).  While the parties originally argued over whether BellSouth paid its plan benefits out of general assets or through a funded trust, the last round of briefing and oral argument has focused on the status of the "employees" covered by the LTD plan.  BellSouth argues that any plan that affects individuals who are *former* employees is not by definition a payroll practice, because § 2510.3-1(b)(2) reaches only plans benefitting current employees, not former employees.  In support, it offers a Department of Labor ("DOL") Advisory Opinion.  Although not binding on this court, an advisory opinion from an agency with regulatory power is persuasive authority.  In Advisory

2

Opinion 96-16A, the plan at issue primarily covered current employees, but also allowed for some benefits to be received by (1) individuals who had elected to retire or resign, and (2) individuals with long-term disabilities who refused to retire and therefore were considered "employees" only for the limited purpose of accruing benefits under the company's retirement and life insurance plans. The DOL found that the presence of these two classes of non-employees prevented this plan from being a payroll practice. Op. No. 96-16A, 1996 WL 491410, at *2.

Burroughs makes no attempt to distinguish Advisory Opinion 96-16A. Instead, she relies exclusively on *Stern*. In that case, the Eleventh Circuit classified a plan as a payroll practice, but did not discuss whether the plan's beneficiaries were current or former employees. *See Stern*, 326 F.3d at 1374. Burroughs claims that the failure to address the beneficiaries' status indicates that BellSouth's distinction is artificial--that is, that the definition of a "payroll practice" is not dependent on whether non-employees receive benefits. In reality, the Eleventh Circuit ignored the current/former dichotomy in *Stern* because that issue was not presented by the "Sickness and Accident Income Plan" that administered short-term benefits to current employees. *See id.* at 1369 (describing the plan as providing "up to 52 weeks of an employee's 'regular salary' when he is unable to work due to sickness or an accident," but never mentioning any change in the

3

employee's status).  Furthermore, that distinction does not present itself in the published opinions upon which *Stern* relies.  *See Funkhouser v. Wells Fargo Bank*, 289 F.3d 1137, 1142 (9th Cir. 2002); *McMahon v. Digital Equip. Corp.*, 162 F.3d 28, 36 (1st Cir. 1998); *Alaska Airlines, Inc. v. Oregon Bureau of Labor*, 122 F.3d 812, 815 (9th Cir. 1997); *Shea v. Wells Fargo Armored Serv. Corp.*, 810 F.2d 372, 376 (2d Cir. 1987).  For these reasons, Burroughs reliance on *Stern* is unavailing.

Because BellSouth's LTD plan provided benefits to former employees, the payroll practice exception does not exempt it from ERISA.  The sworn and uncontradicted testimony of Crystal Miller, BellSouth's Manager-Vendor Relations, is that the LTD plan distributed benefits only to former employees, and that Burroughs' employment was terminated upon her receipt of LTD benefits.  Burroughs has introduced no evidence to controvert Miller's testimony.  Her motion to reconsider remand is due to be denied on this ground--without reaching the question of whether BellSouth's plan was funded from its general assets, and without taking up BellSouth's argument, advanced for the first time in its brief in response to Burroughs' motion to reconsider, that the court, alternatively to federal question jurisdiction, has diversity jurisdiction.  That Burroughs was paid less than her "normal compensation" by the LTD plan, as required by 29 C.F.R. §

4

2510.3-1(b)(2), only buttresses the court's conclusion that the LTD plan is an ERISA plan and not a payroll practice.

### *Conclusion*

In accordance with the foregoing, Burroughs' motion to reconsider the decision not to remand to state court is DENIED.

Done this 4th day of May, 2006.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE