IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| DELORIS I. BURROUGHS,         } | |
|                               } | |
|     Plaintiff,                } | |
|                               } | CIVIL ACTION NO. |
| v.                            } | 01-AR-1863-M |
|                               } | |
| BELLSOUTH TELECOMMUNICATIONS, } | |
| INC., et al.,                 } | |
|                               } | |
|     Defendants.               } | |

**<u>MEMORANDUM OPINION</u>**

Before the court is the motion of Deloris Burroughs ("Burroughs"), the successful ERISA plaintiff, seeking attorney's fees and expenses pursuant to 29 U.S.C. § 1132(g)(1).[1] Burroughs includes the affidavit of her attorney, Myron Allenstein ("Allenstein"), which shows his time and expenses incurred in this litigation. Defendant, BellSouth Telecommunications, Inc., ("BellSouth") opposes Burroughs's motion, in its entirety, and alternatively objects to certain of the claimed items. Burroughs's motion presents two issues: (1) should this court award attorney's fees and expenses to Burroughs; and (2) if so, what is the proper amount? For the reasons that follow, plaintiff is entitled to attorney's fees and some, though not all, of her expenses.

**(a) Attorney's Fees:**

---

[1] The statute provides: "In any action under this subchapter . . . the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."

1

Burroughs originally requested a fee of $59,829.00 based on the 284.9 hours her attorney spent on the case, at a rate of $210 per hour. In response to BellSouth's objections, Burroughs has adjusted her fee claim, reducing the requested amount by $4,074.00, resulting in a new total of $55,755.00. BellSouth challenges neither the calculation method proposed by Burroughs nor the adjusted amount claimed. Instead, BellSouth argues that no attorney's fees at all should be awarded.

Although the typical litigant in an American court must bear her own costs, this court, like other federal trial courts, may award reasonable attorney's fees to a successful litigant if Congress has provided statutory authorization for such an award. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). This court is provided such authorization in ERISA cases by 29 U.S.C. § 1132. Although the award of fees is not mandatory, there is a presumption that, absent special circumstances, the prevailing plaintiff recovers reasonable fees. See *Lutheran Med. Ctr. v. Contractors, Laborers, Teamsters and Engineers Health and Welfare Plan*, 25 F.3d 616, 623 (8th Cir. 1994).

In determining whether or not to award attorney's fees, the court should consider five factors: "the opposing party's culpability or bad faith, its ability to pay, the deterrent effect an award would have on others, whether the party requesting attorney fees sought to benefit all participants and beneficiaries

or to resolve a significant ERISA legal question, and the relative merits of the parties' positions." *Ironworkers Local No. 272 v. Bowen*, 624 F.2d 1255, 1266 (5th Cir. 1980). See also *Wright v. Hanna Steel*, 270 F.3d 1336 (11th Cir. 2001) (incorporating the five factor test). It is important to remember that these factors serve only as helpful guidelines. In other words, "no one of these factors is necessarily decisive and some may not be apropos in a given case, but together they are the neuclei of concerns that a court should address. . . ." Id. at 1345 (internal quotations and citations omitted).

Perhaps the most important of the five factors is the first, namely, the culpability or bad faith of the party against whom fees are sought. In the instant case, Burroughs claims that BellSouth's conduct rises to the level of bad faith. Burroughs cites a host of allegedly improper or questionable actions taken by BellSouth during the course of the litigation, including BellSouth's having lost the claim file and its failure to state the real reasons for terminating Burroughs' benefits. While the court believes that Burroughs, in her brief, improperly conflates elements of "self interest" with "bad faith," it nevertheless finds that BellSouth is "culpable" for purposes of applying the first factor.

The second factor, namely, the ability of the opposing party to satisfy an award of attorney's fees, is hardly in question. The ineluctable conclusion is that BellSouth can satisfy any fee award.

3

The third factor just as strongly favors Burroughs. The award of attorney's fees to a prevailing party when the attorney has had to fight past strenuous and sometimes overzealous opposition may be the best way to deter the kind of conduct this court criticized in its opinion on the merits.

The fourth factor asks whether the party requesting attorney's fees sought to benefit all participants of an ERISA plan or to resolve a significant legal question regarding ERISA itself. Burroughs asserts that the court's memorandum opinion in this case "resolved significant legal questions which should benefit others." The extent to which these questions have been fully resolved in favor of plan beneficiaries remains, perhaps, an open question. Therefore, it would be presumptuous of this court to give significant weight to this factor and it declines to do so.

The fifth factor, the relative merit of each party's position, militates heavily in favor of Burroughs. In its memorandum opinion, this court found: "[BellSouth], in violation not only of 29 U.S.C. § 1133, but of the lesson in Levinson v. Reliance Standard Life Insurance Co., 245 F.3d 1321 (11th Cir. 2001), disingenuously tried to articulate new and different reasons for its denial." Memorandum Opinion, at 15. This is just an example of a lack of merit in one of BellSouth's evolving positions. The court has a hard time finding merit in BellSouth's overall defenses.

4

Having considered the five relevant factors, the court concludes that, because at least four weigh heavily in favor of Burroughs, an awarding of fees is as appropriate in this case as it would be in any ERISA case. After reviewing Allenstein's billing record, the court is satisfied that the adjusted amount sought by Burroughs ($55,755.00) is a fair and appropriate fee, given the facts and history of this litigation. BellSouth wisely does not contest Allenstein's suggested hourly rate or the quality and persistence of his representation.

**(b) Costs and Expenses:**

In addition to attorney's fees, Burroughs claims expenses, to the tune of $7,710.45. BellSouth objects to certain categories of these expenses, namely, costs relating to other cases, to mediation expenses, to office supplies, to computerized legal research, and to travel expenses. This court agrees with BellSouth that the costs related to other cases, mediation expenses, office supplies, and to computerized legal research should be excluded. However, the court finds that Burroughs is entitled to the travel expenses incurred by her lawyer.

The court finds that the language of ERISA, specifically the term "reasonable attorney's fee," properly includes those costs for which a normal client could reasonably expect to be billed. See *Northcross v. Board of Ed. of Memphis City Schools*, 611 F.2d 624 (6th Cir. 1979) (dealing with the identical statutory language of

5

42 U.S.C. § 1988).  It is reasonable that, under this standard, a normal client of Allenstein would be expected to pay for the costs of his travel, as it relates to his representation.  It is no different in this case.  The court consequently finds that the $752.40 for travel expenses, incurred by Allenstein and claimed by Burroughs, is to be awarded.

Therefore, the costs requested by Burroughs are reduced by $4,659.46 for a total cost award of $3,050.99.

*Conclusion*

For the reasons given above, the court agrees with Burroughs and will grant her motion for attorney's fees and expenses by a separate order.

DONE this 25th day of August, 2006.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE